UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEBORAH HOGAN,

                                    Plaintiff,

                                                                                   DECISION AND ORDER

                                                                                    04-CV-6356L

                                   v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

                                  Defendant.
_____

On August 7, 2007, plaintiff, a prevailing party in this action for Social Security benefits, moved for an order awarding fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d). (Dkt. #14). Plaintiff's attorney, Bond and McDonald, P.C., William J. McDonald, Jr., of counsel, ("McDonald"), seeks EAJA fees and expenses in the amount of $8,592.51, based on approximately 54.0 hours of attorney time, plus a $150.00 filing fee.

The Commissioner does not challenge McDonald's s right to an award of EAJA fees, but claims that the amount sought is excessive and should be reduced.

Under the EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C. §2412(d)(1)(A). EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. §2412(d)(2)(A). The Court must determine if the

---

[1] Plaintiff's complaint names former Commissioner of Social Security Joanne B. Barnhart as the defendant. Michael J. Astrue, the current Commissioner, automatically is substituted as the defendant pursuant to Fed. R. Civ. P. 25(d)(1).

hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Alnutt v. Cleary*, 27 F.Supp.2d 395, 399 (W.D.N.Y.1998).

Plaintiff's motion for attorneys fees under the EAJA is granted.  The EAJA "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." *Gisbrecht*, 535 U.S. at 796.  Under the EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified."  28 U.S.C. § 2412(d)(1)(A).  EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute at $125 per hour.  *See id.*, 535 U.S. at 796; 28 U.S.C. § 2412(d)(2)(A).

In this Circuit, "[t]he lodestar approach governs the initial estimate of reasonable fees." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir.1992).  Under this approach, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); Grant, 973 F.2d at 99.  The Court must determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both.  *Hensley*, 461 U.S. at 433; *Alnutt v. Cleary*, 27 F.Supp.2d 395, 399 (W.D.N.Y.1998).

The parties agree on the specific hourly rates that McDonald can bill for each of the several years this case was litigated.  Those rates, which are based on the statutory rate, adjusted for the increase in the cost of living, are reasonable.  See 28 U.S.C. § 2412(d)(2)(A).

The Court also has broad discretion to determine the amount of time reasonably expended. *Aston v. Secretary of Health and Human Serv.*, 808 F.2d 9, 11 (2d Cir.1986).  Generally, district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time.  *See e.g., Cruz v. Apfel*, 48 F.Supp.2d 226, 230 (E.D.N.Y.1999); *Grey v. Chater*, 1997 WL 12806 at *1 (S.D.N.Y. 1997). Where the facts of a specific case warrant it, courts do not hesitate to award fees in excess of the routine twenty to forty hours.  *See Scott v. Astrue*, 474 F. Supp.

2d 465, 467 (W.D.N.Y. 2007) (awarding EAJA fees for 51 hours of attorney time); *Kania v. Shalala*, 1995 WL 307604 (W.D.N.Y. 1995) (awarding fees for 51.9 hours of attorney time spent on matter presenting complicated medical issues).

Here, considering the size of the administrative transcript (353 pages), the relatively simple history of this case, and the substantive issues involved, I find that the hours expended by McDonald are slightly excessive. McDonald billed 54.0 hours of attorney time. I have considered the objections raised by the Commissioner regarding the total number of hours McDonald billed. The Commissioner requests that certain hours be reduced, including those billed for review of the administrative record, preparation of plaintiff's initial and reply briefs, and preparation of the EAJA fee application. (Dkt. #17). In response, plaintiff notes that the Commissioner's contention that the matter was a "routine" one is belied by his "spirited defense" of the ALJ decision, and the fact that the Social Security Administration requested and utilized a substantial page limit extension for its memorandum of law, apparently reflecting its view that the issues presented were unusually voluminous or intricate.

Without ruling on each of the specific arguments raised by the Commissioner, I agree that a modest reduction is appropriate here. The Court is not required to "scrutinize each action taken or the time spent on it" when determining what is reasonable. *See Aston*, 808 at 11. *See also New York Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir.1983). Instead, the Court has discretion simply to apply a reasonable percentage reduction "as a practical means of trimming fat from a fee application." *See Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir.1998, *quoting New York Ass'n for Retarded Children*, 711 F.2d at 1146.

I conclude that a reduction of approximately 5% in the total fee requested is appropriate, for an attorney fee award of $8,020.38, plus a $150.00 filing fee reimbursement, for a total of $8,170.38.

The Commissioner also urges that the award of attorneys fees under the EAJA should be made payable to plaintiff, rather than to plaintiff's attorney. The issue of whether such fees are directly payable to the claimant or his attorney has been a matter of some debate between those

Circuit and district courts addressing the issue. *Compare Winslow v. Astrue*, 2008 U.S. App. LEXIS 5741 (10th Cir. 2008) (EAJA attorney fee award belongs to the claimant, and not his attorney); *Manning v. Astrue*, 2007 U.S. App. LEXIS 29526 (10th Cir. 2007) (same); *Harris v. Barnhart*, 2008 U.S. Dist. LEXIS 2649 (E.D.Mo. 2008) (same); *Vongphakdy v. Astrue*, 2008 U.S. Dist. LEXIS 18752 (E.D.Pa. 2008) (same); *Eustache v. Sec'y of Health and Human Servs.*, 601 F. Supp. 176 (E.D.N.Y. 1983) (same) *with King v. Commissioner*, 2007 U.S. App. LEXIS 7840 (6th Cir. 2007)(a prevailing party cannot request an EAJA fee unless he is required to pay it to his attorney) (unpublished opinion); *Stephens v. Astrue*, 2008 U.S. Dist. LEXIS 21429 (D. Md. 2008) (concluding that EAJA attorney fee award should be made payable to attorney, not claimant); *Townsell v. Barnhart*, 445 F. Supp.2d 1283 (N.D.Okla. 2006) (same). Other district courts in this circuit which have had occasion to examine the issue, however, have generally concluded that attorney's fees awarded under the EAJA "are awarded against the federal government and paid directly to claimant [who] may then use any fees . . . awarded pursuant to EAJA to pay his counsel in lieu of drawing upon his award of disability benefits." *Scott v. Sec'y of Health & Human Servs.*, 1988 U.S. Dist. LEXIS 6143 at *1-*2 (E.D.N.Y. 1988). *See also Dannenberg v. Sec'y of Health & Human Servs.*, 1988 U.S. Dist. LEXIS 543 (S.D.N.Y. 1988) (same).

While I share the concerns expressed by plaintiff's counsel that awarding attorneys fees directly to a prevailing plaintiff runs the troubling risk that attorneys representing Social Security claimants will not be fully or consistently paid for their efforts, thus weakening the ability of such claimants to obtain qualified counsel – one of the EAJA's foremost goals – I defer to the bulk of those cases which have addressed the issue, and conclude that EAJA attorney fee awards properly belong to the prevailing party, and should be made directly payable to the successful claimant, with the expectation that he will abide by his obligations with respect to any applicable laws, such as the Debt Collection Improvement Act, as well as his obligations to his attorney pursuant to the terms of their underlying fee arrangement.

**CONCLUSION**

Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Dkt. #14) in the amount of $8,020.38, plus a $150.00 filing fee reimbursement, for a total of $8,170.38, is granted. The award is to be made payable to plaintiff.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 26, 2008.